1  GARY M. RESTAINO
   Acting United States Attorney
2  District of Arizona
   CARIN C. DURYEE
3  Assistant United States Attorney
   405 West Congress, Suite 4800
4  Tucson, Arizona 85701-5040
   Telephone: 520-620-7300
5  Email: carin.duryee@usdoj.gov
   Attorneys for Plaintiff
6

```
┌─────────────────────────────┐
│ ✓  FILED ____  LODGED ____   │
│    RECEIVED ____  COPY ____  │
│                              │
│      MAY - 9, 2022           │
│                              │
│   CLERK U S DISTRICT COURT   │
│   DISTRICT OF ARIZONA        │
│ BY _____  DEPUTY      │
└─────────────────────────────┘
```

7               IN THE UNITED STATES DISTRICT COURT

8                 FOR THE DISTRICT OF ARIZONA

9                                              CR 22-984-RM (BGM)

10  United States of America,
                                               22-WI-183-RM (DTF)
11                      Plaintiff,

12          vs.
                                               PLEA AGREEMENT
13  Jordan Thomas Udall,

14                      Defendant.

15        The United States of America and the defendant agree to the following disposition

16  of this matter:

17                                   **PLEA**

18        1.    The defendant agrees to plead guilty to an Information, which charges the

19  defendant with a violation of Title 18 U.S.C. § 2252A(a)(5)(B) and (b)(2), Knowing Access

20  of Child Pornography.

21                                   **TERMS**

22        2.    The defendant understands that this guilty plea is conditioned upon the

23  following terms, stipulations, and requirements:

24                            **Maximum Penalties**

25        A.    A violation of Title 18, United States Code, Sections 2252(a)(5)(B) and

26  (b)(2), is punishable by a maximum term of 20 years imprisonment, as well as a maximum

27  fine of $250,000, and a term of lifetime supervised release under §§ 5D1.1 and

28  .2 of the Sentencing Guidelines and Title 1, Section 101 of the PROTECT Act.

     B.   According to the United States Sentencing Guidelines (U.S.S.G.) issued pursuant to the Sentencing Reform Act of 1984, the Court shall:

         (1)   Order the defendant to pay a fine pursuant to 18 U.S.C. §§ 3572 and 3553, unless the Court finds that a fine is not appropriate; and

         (2)   Order the defendant to serve a term of supervised release when required by statute or when a sentence of imprisonment of more than one year is imposed, and may impose a term of supervised release in all other cases.

     C.   Pursuant to 18 U.S.C. § 3013(a)(2)(A), the Court is required to order the defendant to pay a $100 special assessment per count of conviction.

     D.   Pursuant to 18 U.S.C. §3014 (a)(3), the Court is required to impose an additional mandatory special assessment of $5000 for each count of conviction on any person convicted of an offense under Chapter 110 (Sexual Exploitation and Other Abuse of Children), unless the defendant is indigent.

     E.   Pursuant to Title 18, United States Code, Section 3561, et seq., at the sole discretion of the Court, and even if probation is available, the defendant instead may be sentenced to a term of imprisonment.

     3.   The government reserves the right to revoke this agreement if, prior to the sentencing in this matter, the government discovers evidence of the defendant's commission of any child sexual abuse crimes or violent felonies other than those known at the time this offer is entered, as detailed in the pre-trial services report and disclosure in this matter. Further, this plea agreement pertains only to the specific criminal activity that is charged and detailed in the Information in this matter, and does not preclude a further federal or state prosecution of the defendant for any additional criminal activity which may be discovered in any further or future investigation, including but not limited to federal or state criminal charges for any other federal or state criminal charges relating to sexual abuse or exploitation of a minor.

- 2 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## Agreements Regarding Sentence

4.     Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the defendant and the government agree to a binding sentencing range of **between 24 and 48 months,** with the sentence of imprisonment to be followed by **lifetime Supervised Release,** with conditions set out below.  The agreement is contingent upon defendant being in Criminal History Category I. Either party may withdraw from the agreement in the event the defendant is sentenced outside of the above range.

5.     In addition, the defendant shall register as a sex offender pursuant to Arizona Revised Statutes § 13-3821 prior to his release from confinement.   The defendant acknowledges that he has been advised and understands that under the Sex Offender Registration and Notification Act, a federal law, the defendant must register and keep the registration current in each of the following jurisdictions: the location of the defendant's residence, the location of the defendant's employment; and, if the defendant is a student, the location of the defendant's school; and for purposes of initial registration, the defendant understands that he must also register in the jurisdiction in which convicted if such jurisdiction is different from the jurisdiction of residence.  Registration will require that the defendant provide information that includes name, residence address, and the names and addresses of any places at which the defendant is or will be an employee or a student, amongst other information, as outlined in ARS § 13-3821 and 42 U.S.C. § 16914.  The defendant understands that he must update his registrations not later than three business days after any change of name, residence, employment, or student status and provide current information for the full registration period as set out in ARS § 13-3821 and 42 U.S.C. § 16915. The defendant understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

6.     If the Court, after reviewing this plea agreement, concludes that any provision is inappropriate, it may reject the plea agreement under Rule 11(c)(5), Fed. R.

- 3 -

1  Crim. P., giving the defendant, in accordance with Rule 11(d)(2)(A), Fed. R. Crim. P., an
2  opportunity to withdraw the defendant's guilty plea.

3     7. The defendant agrees to the entry of an order imposing a special assessment
4  of $5000.00 pursuant to 18 U.S.C. §3014 (a) (4).  Defendant further agrees to grant the
5  United States a wage assignment, liquidate assets, or complete any other tasks which will
6  result in immediate payment in full, or payment in the shortest time in which full payment
7  can be reasonably made as required under 18 U.S.C. § 3572(d).  The defendant understands
8  that the special assessment will be included in the Court's Order of Judgment.

9        **Agreements Regarding Restitution**

10     8. Pursuant to 18 U.S.C. § 2259, Defendant agrees to the entry of a Restitution
11  Order in the amount of $3,000.00 for each victim who is identified in images contained in
12  the counts of conviction and who submits a claim for restitution based on damages.
13  Defendant further agrees that he will not seek the discharge of any restitution obligation,
14  in whole or in part, in any present or future bankruptcy proceeding.  Defendant further
15  agrees to grant the United States a wage assignment, liquidate assets, or complete any other
16  tasks which will result in immediate payment in full, or payment in the shortest time in
17  which full payment can be reasonably made as required under 18 U.S.C. § 3572(d). The
18  defendant understands that such restitution will be included in the Court's Order of
19  Judgment and that an unanticipated restitution amount will not serve as grounds to
20  withdraw the defendant's guilty plea or to withdraw from this plea agreement.

21     9. Defendant further agrees that he will not seek the discharge of any restitution
22  obligation, in whole or in part, in any present or future bankruptcy proceeding.  Defendant
23  further agrees to grant the United States a wage assignment, liquidate assets, or complete
24  any other tasks which will result in immediate payment in full, or payment in the shortest
25  time in which full payment can be reasonably made as required under 18 U.S.C. § 3572(d).
26  The defendant understands that such restitution will be included in the Court's Order of
27  Judgment and that an unanticipated restitution amount will not serve as grounds to
28  withdraw the defendant's guilty plea or to withdraw from this plea agreement.

-4-

**Assets and Financial Responsibility**

10.    a. The defendant shall (i) make a full accounting of all assets, including real and personal property in which the defendant has any legal or equitable interest; (ii) permit the U.S. Attorney's office to immediately obtain the defendant's credit reports in order to evaluate the defendant's ability to satisfy any financial obligation that is or might be imposed by the court; (iii) make full disclosure of all current and projected assets to the U.S. Probation Office immediately and prior to the termination of the defendant's supervised release or probation, such disclosures to be shared with the U.S. Attorney's Office, including the Financial Litigation Unit, for any purpose [as well as the financial condition of all household members (including but not limited to that of a spouse or child)]; (iv) cooperate fully with the government and the Probation Officer to execute such documentation as may be necessary to secure assets to be applied to restitution owed by the defendant. The defendant agrees to permit the Probation Officer to provide to the U.S. Attorney's office copies of any and all financial information provided by the defendant to the U.S. Probation Office; and (v) not (and shall not aid and abet any other party to) sell, hide, waste, spend, destroy, transfer or otherwise devalue any such assets or property before sentencing, without the prior approval of the United States (provided, however, that no prior approval will be required for routine, day-to-day expenditures).

b.    Pursuant to 18 U.S.C. § 3613, the defendant agrees that all financial obligations imposed by the court, including restitution, shall be due immediately upon judgment, shall be subject to immediate enforcement by the government, and shall be submitted to the Treasury Offset Program so that any federal payment or transfer of returned property defendant receives may be offset and applied to federal debts (which offset will not affect any periodic payment schedule). If the defendant is incarcerated, the defendant agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program pursuant to a payment schedule to be determined by the court. The defendant understands that any schedules of payments imposed by the court, including schedules imposed while the defendant is incarcerated or on supervised release, are merely minimum

1    schedules of payments and not the only method, nor a limitation on the methods, available
2    to the government to enforce the judgment.

3

4                          **Conditions of Supervised Release**

5          11.    The government reserves the right to withdraw from the plea agreement if
6    the sentence does not include **lifetime supervised release**, with the conditions that follow.
7    Such conditions may include, but are not limited to, the following:

8          a.      The defendant consents to search of person and any property, vehicle,
9    business, and residence to be conducted in a reasonable manner and at a reasonable time
10   by, or at the direction, of the probation officer.  This consent includes the search and seizure
11   of all computers, computer related devices, and the peripheral equipment, all data and/or
12   images stored on hard disks and/or any other storage media whether installed within a
13   device or removable and separate from the actual computer device. Upon reasonable
14   suspicion concerning a violation of a condition of supervised release or unlawful conduct
15   by the defendant by any probation officer in the lawful discharge of the officer's
16   supervision functions, the above mentioned search can occur at any time and be
17   accomplished by any law enforcement in coordination with a probation officer.

18         b.      The defendant shall participate in a program as approved by the United States
19   Probation Office for the treatment and monitoring of sex offenders, including a requirement
20   that he submit to risk assessment including physiological testing which may include but is
21   not limited to the ABEL Arousal/Screen, and periodic polygraph.  The defendant shall
22   contribute to the cost of treatment in an amount to be determined by the probation officer.
23   Sex offender assessment and treatment is to be conducted by a therapist(s) approved by the
24   Probation Office, who will release all reports to the Supervising Officer.

25         c.      The defendant shall participate in a mental health program as directed by the
26   probation officer, which may include inpatient treatment and taking prescribed medication
27   (to include anti-psychotic medication if the requisite findings are made).  The defendant
28   shall contribute to the cost of treatment in an amount to be determined by the probation

- 6 -

1  officer. Further, the Supervising Officer may disclose the Pre-Sentence Report and/or
2  previous mental health evaluations and reports to the mental health provider. The mental
3  health provider may provide information, excluding the Pre-Sentence Report, to state or
4  local agencies for the purpose of defendant's rehabilitation.

5       d.     The defendant shall not possess any materials containing sexually explicit
6  conduct as defined in 18 U.S.C. § 2256(2), or patronize any place whose primary function
7  is to sell, rent, display, show or provide material depicting sexually explicit conduct in any
8  format. This includes use of the telephone for purposes of engaging in conversation
9  concerning sexually explicit conduct, and also prohibits the defendant from obtaining the
10  services of a prostitute.

11       e.     The defendant shall not have contact with any child under the age of 18
12  without prior written permission of the probation officer and shall report immediately but
13  not later than 8 hours to the Supervising Officer/Designee any unauthorized contact with
14  any child. Contact includes, but is not limited to, phone calls, letters, electronic
15  communications such as voicemails, texts and e-mails, or communication through a third
16  party.

17       f.     The defendant shall maintain an appropriate appearance at all times which
18  includes the wearing of undergarments and appropriate outer clothing in places where
19  others might be present, including the home.

20       g.     The defendant shall not contact the victims or the victims' families, and the
21  probation officer will verify compliance. The defendant also shall not enter the premises
22  of any victim, loiter near where any victims reside or have direct or indirect contact with
23  any victims of his crime, except under circumstances approved in advance and in writing
24  by the probation officer. Defendant shall immediately report any such contact to the
25  probation officer. This prohibition against contact with victims, direct or indirect, shall
26  apply during the defendant's incarceration as well as during supervised release.

27
28

- 7 -

1     h.    The victims and/or their parents or guardians may have access to information
2 related to the defendant's custody, release, residence, and whereabouts, throughout the
3 defendant's period of supervision.

4     i.    The defendant shall reside in a residence approved of in advance by the
5 probation officer.

6     j.    The defendant is restricted from engaging in any occupation, business, or
7 profession that causes him to regularly be in contact with persons under the age of 18
8 without prior approval of the probation officer in writing. Further, the defendant shall not
9 affiliate with, own, control or be employed in any capacity by any business whose principal
10 product is the production or selling of materials depicting or describing "sexually explicit
11 conduct" as defined at 18 USC § 2256(2).

12     k.    When volunteering for any activities, the defendant shall advise such
13 organization of his conviction.

14     l.    The defendant shall not frequent or loiter within one hundred feet of
15 schoolyards, parks, public swimming pools, playgrounds, youth centers, video arcade
16 facilities, or other places primarily used by children under the age of 18.

17     m.    The defendant shall not date or socialize with anybody who has children
18 under the age of 18 without prior permission of the probation officer. The defendant shall
19 notify the probation officer immediately of the name, date of birth and contact information
20 for any individuals with whom he has an intimate and/or romantic and/or sexual and close
21 emotional relationship.

22     n.    The defendant shall not reside with any child under the age of 18 without
23 prior written approval of the probation officer. Depending on the outcome of the
24 psychosexual evaluation, the defendant may be allowed supervised visits with his own
25 children.

26     o.    The defendant shall not possess or use a computer or other internet-capable
27 device, including a "smartphone," with access to the internet or any on-line computer
28 service at any location (including place of employment, educational facility or retail

Document Ref: BRGRP-WAJNC-ZEMGK-M7CAT

1   establishments) without the prior written approval of the probation officer.  This includes
2   any Internet Service provider, electronic bulletin board system, internet relay chat channel,
3   DCC chat, VPN, instant messaging, newsgroup, usegroup, peer-to-peer file sharing
4   program, any site based e-mail which provides some measure of anonymity (e.g., Hotmail,
5   Gmail, Yahoo email), or any other public or private network or e-mail system. Further, at
6   any approved residence where the defendant is ultimately permitted to reside upon his
7   release from incarceration, including any Community Corrections Center, the probation
8   officer will verify that there is either no computer with internet access at that residence, or
9   that the owner of any such computer has consented to having internet monitoring software
10  installed on such computer.

11          p.      If computer use is authorized in writing by the Supervising Officer, the
12  defendant consents to the installation of search and/or monitoring software and/or hardware
13  including unannounced seizure for the purpose of search, at his own expense.  The
14  defendant has no expectation of privacy regarding computer use or information stored on
15  the computer if monitoring software is installed and understands and agrees that
16  information gathered by said monitoring software may be used against him in subsequent
17  court actions regarding his computer use and conditions of probation.   Defendant further
18  agrees that he is fully responsible for all material, data, images and information found on
19  his computer at all times.

20          q.      If computer use is authorized in writing by the Supervising Officer,
21  defendant understands and agrees:

22                  (1)     Use of the computer for any purpose which might further sexual
23  activity is strictly prohibited.  Such use includes, but is not limited to, possession of
24  sexually explicit material in any form; sexually related chat or email exchange; visiting or
25  joining chat rooms which contain sexually explicit material on web sites; websites that
26  contain nudity or sexually explicit materials; downloading files, digital images (in any
27  format), text files, or multi-media material that is sexual in nature; or visiting and/or
28  subscribing to usergroups, newsgroups, or list services which contain sexual content.

- 9 -

1        (2)     Defendant shall be prohibited from using any form of encryption,

2    cryptography, steganography, compression, password protected files, anonymizing

3    software, virtual private networks, and/or other methods that might limit access to, or

4    change the appearance of, data and/or images, without prior written approval from the

5    Supervising Officer/Designee.  If, for work purposes, password protection is required on

6    any system or files used by defendant, that defendant will provide the password

7    immediately or upon receipt to Supervising Officer/Designee.  The defendant will keep

8    any and all passwords that have been approved by Supervising Officer/Designee current

9    and make immediate notifications should any of the passwords change.

10       (3)   Defendant shall be prohibited from altering or destroying records of

11   computer use, or preventing the creation of such records, without the prior written

12   authorization of the Supervising Officer/Designee.  This includes, but is not limited to,

13   deleting or removing browser history data regardless of its age, the possession of software

14   or items designed to boot into RAM kernals, alter or wipe computer media, defeat forensic

15   software, or block monitoring software.  This also includes a prohibition against restoring

16   a computer to a previous state or the reinstallation of operating systems.

17       (4)    Defendant will provide the Supervising Officer/Designee with a

18   current list of all computer and computer related equipment used by him, including backup

19   systems, and will keep this list current.

20       (5)    Defendant shall not utilize, by any means, any social networking or

21   social media forums offering an interactive, user-submitted network of friends; personal

22   profiles; blogs; chat rooms; or other online environments which allow for interaction with

23   others, without prior written permission from the probation officer.

24      r.     Upon release from incarceration, the defendant shall reside and actively

25   participate in a Residential Re-entry Center for up to one year or until discharged by the

26   Supervising Officer.  This placement is to facilitate the defendant's transition into the

27   community and to facilitate treatment for sexual deviance.

28

Document Ref: BRGRP-WAJNC-ZEMGK-M7CAT

s.     The defendant shall not own, use or have access to the services of any commercial mail receiving agency, nor shall he open or maintain a post office box without the prior written approval of the Supervising Probation Officer.

## Plea Addendum

12.     This written plea agreement, and any written addenda filed as attachments to this plea agreement, contain all the terms and conditions of the plea. Any additional agreements, if any such agreements exist, shall be recorded in a separate document and may be filed with the Court under seal. Accordingly, additional agreements, if any, may not be in the public record.

## Waiver of Defenses and Appeal Rights

13.     The defendant waives any and all motions, defenses, probable cause determinations, and objections that which the defendant could assert to the information or indictment, or to the petition to revoke, or to the Court's entry of judgment against the defendant and imposition of sentence upon the defendant providing the sentence is consistent with this agreement. The sentence is in accordance with this agreement if the sentence imposed is within the stipulated range. The defendant further waives: (1) any right to appeal the Court's entry of judgment against defendant; (2) any right to appeal the imposition of sentence upon defendant under 18 U.S.C. § 3742 (sentence appeals); (3) any right to appeal the district court's refusal to grant a requested variance; (4) any right to collaterally attack defendant's conviction and sentence under 28 U.S.C. § 2255, or any other collateral attack; (5) any right to file a motion for modification of sentence, including under 18 U.S.C. § 3582(c) (except for the right to file a compassionate release motion under 18 U.S.C. § 3582(c)(1)(A) and to appeal the denial of such a motion) and 3583(e)(early termination of supervised release), and any other challenge to the defendant's conviction or sentence; and (6) the right to a restitution schedule set by the Court for payment of restitution during any period of incarceration.. The defendant acknowledges that this

- 11 -

1   waiver shall result in the dismissal of any appeal or collateral attack the defendant might

2   file challenging his/her conviction or sentence in this case.  If the defendant files a notice

3   of appeal or a habeas petition, notwithstanding this agreement, defendant agrees that this

4   case shall, upon motion of the government, be remanded to the district court to determine

5   whether defendant is in breach of this agreement and, if so, to permit the government to

6   withdraw from the plea agreement.  This waiver shall not be construed to bar an otherwise-

7   preserved claim of ineffective assistance of counsel or of "prosecutorial misconduct" (as

8   that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)).

9.

10                              **Psychosexual Assessment**

11       14.    The defendant agrees to submit to a psychosexual assessment prior to

12   sentencing in this case, pursuant to 18 U.S.C. §3552(b).  This assessment shall include but

13   shall not be limited to physiological testing, including a polygraph, as directed by the

14   Probation Department. The assessment shall be performed as determined by Probation, or

15   by such other provider as may be approved of in writing and in advance by the Probation

16   Department, provided that the provider is ATSA-certified, and shall be performed in

17   accordance with the provider's standards and practice.  All reports and information from

18   this assessment shall be released to the Probation Department.  The defendant agrees to

19   contribute to the cost of this assessment in an amount to be determined by the Probation

20   Department after the Probation Department has reviewed all financial and other

21   information obtained in connection with the presentence investigation in this case.  The

22   defendant agrees to continue the sentencing date in this case until such assessment is

23   performed and the results of such assessment are provided to the Probation Department.  A

24   form of motion and order for the assessment is attached to the plea agreement and will be

25   filed in court by the government at the time of the entry of the guilty plea in this case.

26       15.    With respect to the United States Sentencing Guidelines, the defendant

27   understands that they are advisory and must be consulted by the District Court at

28   sentencing.  Regardless, the defendant is waiving his right to appeal.

- 12 -

**Reinstitution of Prosecution**

16.     If the defendant's guilty plea is rejected, withdrawn, vacated, or reversed by any court in a later proceeding, the government will be free to prosecute the defendant for all charges as to which it has knowledge, and any charges that have been dismissed because of this plea agreement will be automatically reinstated.  In such event, defendant waives any objections, motions, or defenses based upon the Speedy Trial Act or the Sixth Amendment to the Constitution as to the delay occasioned by the later proceedings.

**Perjury and Other Offenses**

17.     Nothing in this agreement shall be construed to protect the defendant in any way from prosecution for perjury, false declaration or false statement, obstruction of justice, or any other offense committed by the defendant after the date of this agreement. Any information, statements, documents, or evidence the defendant provides to the United States pursuant to this agreement, or to the Court, may be used against the defendant in all such prosecutions.

**Disclosure of Information to U.S. Probation Office**

18.     The United States retains the unrestricted right to provide information and make any and all statements it deems appropriate to the Probation Office and to the Court in connection with the case.  The defendant understands the government's obligation to provide all information in its file regarding defendant to the Probation Office.

19.     The defendant shall cooperate fully with the U.S. Probation Office.  Such cooperation shall include providing complete and truthful responses to questions posed by the Probation Office including, but not limited to, questions relating to:

        a.     criminal convictions, history of drug abuse and mental illness or conditions which would warrant treatment as part of sentencing; and

- 13 -

b.     financial information, including present financial assets or liabilities that relate to the ability of the defendant to pay a fine and/or restitution.

## Agreement Regarding Property

20.    The defendant agrees to abandon and relinquish any and all right, title and interest he may have in the following items seized from him on January 22, 2019:

    a.  One Dell laptop computer, serial number J0BN8F1; and
    b.  One Dell Inspiron 1545 laptop computer, serial number CG0KBH1.

21.    Defendant warrants that he/she is the owner or has an interest in the property listed above, and knowingly and voluntarily agrees to hold the United States, its agents and employees harmless from any claims whatsoever in connection with the seizure or forfeiture of the above-listed asset[s] covered by this agreement. Defendant knowingly and voluntarily agrees not to file a claim, pursue any filed claims, to withdraw any filed claims, and to waive all interest in the assets listed above, in any administrative, civil or criminal judicial proceeding, whether state or federal, which may be initiated. Defendant further agrees to waive his/her right to notice of any forfeiture proceedings involving the assets.

## Effect on Forfeiture Proceedings

22.    Nothing in this agreement shall be construed to protect the defendant from civil forfeiture proceedings or prohibit the United States from proceeding with and/or initiating an action for civil forfeiture. Further, this agreement does not preclude the United States from instituting any civil proceedings as may be appropriate now or in the future.

## WAIVER OF DEFENDANT'S RIGHTS AND FACTUAL BASIS

### Waiver of Rights

23.    I have read each of the provisions of the entire plea agreement with the assistance of counsel and understand its provisions. I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of

- 14 -

1  guilty I will be giving up my rights as follows: to plead not guilty; to trial by jury; to
2  confront, cross-examine, and compel the attendance of witnesses; to present evidence in
3  my defense; to remain silent and refuse to be a witness against myself by asserting my
4  privilege against self-incrimination; all with the assistance of counsel; to be presumed
5  innocent until proven guilty beyond a reasonable doubt; to a restitution schedule set by the
6  Court for payment of restitution during any period of incarceration; and, to appeal or file
7  any other challenge to my conviction or sentence.

8      24.   I agree to enter my guilty plea as indicated above on the terms and conditions
9  set forth in this agreement.

10     25.   I have been advised by my attorney of the nature of the charge to which I am
11 entering my guilty plea. I have been advised by my attorney of the nature and range of the
12 possible sentence, and that I will not be able to withdraw my guilty plea if I am dissatisfied
13 with the sentence the court imposes.

14     26.   My guilty plea is not the result of force, threats, assurance or promises other
15 than the promises contained in this agreement. I agree to the provisions of this agreement
16 as a voluntary act on my part and I agree to be bound according to its provisions.

17     27.   I fully understand that, if I am granted probation or placed on supervised
18 release by the Court, the terms and conditions of such probation/supervised release are
19 subject to modification at any time. I further understand that, if I violate any of the
20 conditions of my probation/supervised release, my probation/supervised release may be
21 revoked and upon such revocation, notwithstanding any other provision of this agreement,
22 I may be required to serve a term of imprisonment or my sentence may otherwise be altered.

23     28.   I agree that this written plea agreement and any addendum, if any, contains
24 all the terms and conditions of my plea and that promises made by anyone (including my
25 attorney) that are not contained within this written plea agreement are without force and
26 effect and are null and void.

27     29.   I am satisfied that my defense attorney has represented me in a competent
28 manner. I have had a full opportunity to discuss all facts and circumstances of this case

- 15 -

1    with my attorney. I have a clear understanding of the charges and the consequences of this

2    plea. I am pleading guilty because in truth and in fact I am guilty and for no other reason.

3         30.    I am fully capable of understanding the terms and conditions of this plea

4    agreement. I am not now on or under the influence of any drug, medication, liquor, or

5    other intoxicant or depressant, which would impair my ability to fully understand the terms

6    and conditions of this plea agreement.

7         31.    Defendant understands that if this case proceeded to trial, the Government

8    would be required to provide impeachment information relating to any informants or other

9    witnesses. In addition, if defendant raised an affirmative defense, the Government would

10    be required to provide information in its possession that supports such a defense.

11    Defendant acknowledges, however, that by pleading guilty defendant will not be provided

12    this information, if any, and Defendant also waives the right to this information. Finally,

13    defendant agrees not to attempt to withdraw the guilty plea or to file a collateral attack

14    based on the existence of this information.

15         32.    This agreement is based on the understanding that Defendant has committed

16    no criminal conduct since Defendant's arrest on the present charges, and that Defendant

17    will commit no additional criminal conduct before sentencing. If Defendant has engaged

18    in or engages in additional criminal conduct during this period, or breaches any of the terms

19    of this agreement, the Government will not be bound by the recommendations in this

20    agreement, and may recommend any lawful sentence. In addition, at its option, the

21    Government may move to set aside the plea.

22                         **Elements of the Offense**

23    <u>Knowing Access of Child Pornography</u>

24         1.    That the defendant knowingly accessed images which the defendant knew

25    contained visual depictions of minors engaged in sexually explicit conduct;

26         2.    The visual depictions are of minors; and

27         3.    The visual depictions had been either shipped or transported in interstate or

28    foreign commerce by any means, including a computer.

Document Ref: BRGRP-WAJNC-ZEMGK-M7CAT

1

**Factual Basis**

2          I further agree that the following facts accurately describe my conduct in connection

3  with the offenses to which I am pleading guilty and that if this matter were to proceed to

4  trial the government could prove these facts beyond a reasonable doubt:

5          During a time period before and including the time between January 1, 2018
          and January 22, 2019, at my home in the District of Arizona, I, JORDAN
6          THOMAS UDALL, possessed a Dell laptop computer, with serial number
          J0BN8F1, and one Dell Inspiron 1545 laptop computer, with serial number
7          CG0KBH1. I used the computers and the internet to access and download
          images which depicted minor children engaged in sexually explicit conduct.
8          The files I accessed and viewed included, but were not limited to, the
          following files entitled:
9

10          "0000061_Carved.jpeg"
          "0000163_Carved.jpeg"
11          "0000195_Carved.jpeg"
          "0000831_Carved.jpeg"
12          "0000951_Carved.jpeg"
          "0001651_Carved.jpeg"
13          "0003955_Carved.jpeg"
          "0004245_Carved.jpeg"
14          "0004975_Carved.jpeg" and
          "0005055_Carved.jpeg"_____

15          These files, as well as other files I accessed and viewed over time, contain
          images of actual children who were under the age of 18 at the time the images
16          were created, engaging in various acts of sexually explicit conduct. Many of
          the images and videos I viewed depicted children well under the age of 12.
17          The images had been mailed, shipped and transported in interstate or foreign
          commerce and were also produced using materials that had been mailed and
18          shipped and transported in interstate and foreign commerce.

19          I used my computer and the internet to access and view over 600 files
          depicting child pornography. I knew these images depicted children
20          engaging in sexually explicit conduct.

21          IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I
          AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS
22          IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE.

23          2022-04-11              *Jordan Udall*

24          Date                    JORDAN THOMAS UDALL
                                    Defendant
25

26

27

28

- 17 -

**DEFENSE ATTORNEY'S APPROVAL**

I have discussed this case and the plea agreement with my client in detail and have advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, the consequences of the guilty plea (including the maximum statutory sentence possible), and that the defendant is waiving the right to appeal or otherwise challenge the conviction and sentence. I have discussed the concept of the advisory Sentencing Guidelines with the defendant. No assurances, promises, or representations that are not contained in this written agreement have been given to me or to the defendant by the United States or any of its representatives. I have concluded that the entry of the plea as indicated above on the terms and conditions set forth in this agreement are in the best interests of my client. I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P. 11.

2022-04-07
Date

Joshua Hamilton, Esq.
Attorney for Defendant

**GOVERNMENT'S APPROVAL**

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth are appropriate and are in the best interests of justice.

GARY M. RESTAINO
Acting United States Attorney
District of Arizona

CARIN DURYEE
Digitally signed by CARIN DURYEE
Date: 2022.04.07 09:39:46 -07'00'

Date

CARIN C. DURYEE
Assistant U.S. Attorney

- 18 -